NO. 07-03-0205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 5, 2004

_____

CHARLES EDWARD WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 411TH DISTRICT COURT OF SAN JACINTO COUNTY;

NO. 8590; HONORABLE ROBERT H. TRAPP, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Charles Edward Williams was convicted by a jury of theft and punishment was assessed at two years confinement in a state jail facility, suspended for five years, and a $500 fine. Presenting a sole point of error, appellant

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

contends his rights to due process and equal protection of the law were violated by the prosecution's use of a racially motivated peremptory challenge against venire member Calvin Harden. We affirm.

Appellant was charged with theft for cutting down timber pursuant to a purported contract without the property owner's authorization. When the case proceeded to trial and following voir dire examination, the trial court asked the venire persons, whose names were called, to be seated in the jury box. After the jury was sworn the court announced, "[t]hose of you not selected, I'm going to let you go at this time and excuse you. . . . Thank you very much. You are free to go."

Following preliminary instructions to the jury, the trial court asked defense counsel if there were any other matters that needed to be addressed. The following colloquy transpired:

> [Defense counsel]: Your Honor, you did not ask us if we had any objection to the jurors that were seated. In reviewing my notes, it appears that the prosecution struck three members of the jury panel who were black. One of them there was some articulated reasons for being struck. That was Angela Sykes. The other two, No. 12, Gloria Adams, and No. 19, Calvin Harden, I don't remember either of these saying a word during the entire jury selection process.
>
> Under the Batson v. Kentucky case, which I know the Court is familiar with, the prosecution is required not to strike jurors on account of their race. And if a challenge is made pursuant to the Batson case, the prosecution will be required to explain why jurors of the defendant's race were stricken. And so I'm going to do so at this time.
>
> The Court: Okay. At this time the Court is going to find that the 12 jurors that were seated have been sworn in. I don't – the Court is going to rule that your

motion is not timely. If you wish to preserve error and make a bill, you can do that; but I'm going to find it's not timely made at this time.

[Defense counsel]: Well, I wasn't given a chance to do that, Judge.

The Court: I understand that. That's why I'm going to give you an opportunity, if you want them to articulate that. I'm overruling your motion. If you want to make it a bill for the record. I'll allow them to state their reasons.

After the prosecutor explained that he had independent knowledge that Calvin Harden was a relative of appellant and never responded to that question during voir dire, the trial court concluded that Harden was struck for a race-neutral reason.[2] Defense counsel did not offer any explanation to rebut the prosecution's reason.

A party making a Batson challenge must timely object and make a prima facie showing of discriminatory motives.[3] If the accused objects and makes a prima facie showing, the burden shifts to the prosecution to come forward with a race-neutral explanation. *Batson*, 476 U.S. at 97. Once the prosecution offers a race-neutral explanation, the burden shifts back to the accused to show the explanation is only a pretext for race-motivated strikes. *Id*.; *see also* Herron v. State, 86 S.W.3d 621, 630 (Tex.Cr.App. 2002). A trial court's ruling on a *Batson* challenge is reviewed in the light most favorable to it, applying a clearly erroneous standard of review. Williams v. State, 804 S.W.2d 95, 101 (Tex.Cr.App. 1991).

---

[2]Appellant only complains on appeal of the prosecution exercising a peremptory challenge on Calvin Harden.

[3]Batson v. Kentucky, 476 U.S. 79, 106. S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3

Appellant asserts his rights were violated by the State's exercise of a peremptory challenge to venire person Calvin Harden. The State argues that appellant failed to timely raise his *Batson* objection and, alternatively, that he failed to rebut the State's race-neutral explanation. We agree with the State.

To preserve an issue for appeal, a party must make a timely and specific objection. Tex. R. App. P. 33.1(a). To preserve a *Batson* objection, a party must object to the peremptory strike before the jury is sworn and the remainder of the venire persons are dismissed. Parra v. State, 935 S.W.2d 862 S.W.2d 869 (Tex.App.–Texarkana 1996, pet. ref'd).

Appellant's objection to the prosecution's use of a peremptory strike on Calvin Harden came after the jury was sworn and the remaining venire persons were dismissed. Despite the trial court's generosity in allowing the prosecution to offer its race-neutral reason for striking Harden, error, if any, was not preserved for review. Additionally, appellant did not rebut the prosecution's race-neutral explanation. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.